764 F.Supp. 574 (1991)
Leland BOOGHER, Plaintiff,
v.
STIFEL, NICHOLAUS & CO., INC., Defendant.
No. 90-2044-C-5.
United States District Court, E.D. Missouri, E.D.
June 5, 1991.
Michael J. Hoare, St. Louis, Mo., for plaintiff.
Larry M. Bauer, Paul W. LeBar, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for defendant.

MEMORANDUM
LIMBAUGH, District Judge.
Plaintiff Leland Boogher, a securities trader, brought this action alleging that defendant Stifel, Nicholaus & Company, Inc. fired him because of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. Defendant filed a motion for summary judgment on the basis that plaintiff's claim under the ADEA is subject to mandatory arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq. Plaintiff filed his opposition to defendant's motion. This matter is before the Court on defendant's motion for summary judgment.
Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. New England Mut. Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir. 1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." Mt. Pleasant v. Associated Elec. Coop. Inc., 838 F.2d 268, 273 (8th Cir.1988).
Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). *575 The burden is on the moving party. Mt. Pleasant, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).
In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir. 1976). With these principles in mind, the Court turns to an examination of the facts.
Defendant hired plaintiff in June 1960 as a securities trader. At that time he signed an agreement that stated, among other things, that:
I have read the Constitution and Rules of the Board of Governors of the New York Stock Exchange and I hereby pledge myself to abide by the Constitution and Rules of the Board of Governors of the New York Stock Exchange as the same have been or shall be from time to time amended, and by all rules and regulations adopted pursuant to the Constitution, and by all practices of the Exchange.
. . . . .
I agree that any controversy between me and any member or member organization arising out of my employment or the termination of my employment by and with such member or member organization shall be settled by arbitration at the instance of any such party in accordance with the Constitution and rules then obtaining of the New York Stock Exchange.
Letter dated May 26, 1960, Exhibit A, defendant's motion for summary judgment.
On September 1, 1987, plaintiff submitted an application for securities industry registration in which he agreed "to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitution, or bylaws of the organization with which I register...." He subsequently became registered with the New York Stock Exchange and bound by the rules of the Exchange. Rule 347 of the Exchange provides:
Any controversy between a registered representative and any member or member organization arising out of the employment or termination of employment of such registered representative by and with such member or member organization shall be settled by arbitration, at the instance of any such party, in accordance with the arbitration procedure prescribed elsewhere in these rules.
Rule 347, Exhibit C, defendant's motion for summary judgment.
Defendant terminated plaintiff's employment in October 1987 stating the reason as a reduction in force. Plaintiff filed this lawsuit in October 1990 and Defendant made a demand to arbitrate under the FAA, which provides that a court shall compel arbitration upon application of either party to an agreement to arbitrate.
The FAA provides that a written provision in any "contract evidencing a transaction involving commerce" which requires the parties to settle any dispute arising out of the contract by arbitration "shall be valid, irrevocable, and enforceable ..." 9 U.S.C. § 2. The FAA reflects a liberal federal policy favoring arbitration agreements. Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626-627, 105 S.Ct. 3346, 3353-3354, 87 L.Ed.2d 444 (1985).
*576 The Court first must decide whether plaintiff's agreement to arbitrate falls within the coverage of the FAA. If the answer is yes, then the Court must determine whether the dispute falls within the scope of the agreement.
Plaintiff's agreement to arbitrate falls squarely within the coverage of the FAA. Plaintiff executed a written agreement to arbitrate any dispute arising out of his employment when he began his employment with defendant. This is fortified by plaintiff's application for securities industry registration, which contains language triggering the provisions of the FAA.
The dispute regarding plaintiff's employment termination falls within the scope of the arbitration agreement. Plaintiff alleges that defendant terminated him in part because of his age. The United States Supreme Court recently held that age discrimination claims in the securities industry are subject to mandatory arbitration. Gilmer v. Interstate/Johnson Lane Corp., ___ U.S. ___, 111 S.Ct. 1647, ___ L.Ed.2d ___ (1991).
Plaintiff also argues that defendant has waived its right to arbitrate. See National Foundation for Cancer Research v. A.G. Edwards & Sons, Inc., 821 F.2d 772 (D.C.Cir.1987) (right to arbitration, like any contract right, can be waived). However, plaintiff has failed to show that defendant acted "inconsistently with an intent to arbitrate." Id. at 774. (citations omitted). Defendant made a written demand for arbitration in July 1990, three months before plaintiff filed this action. In its answer to plaintiff's complaint, defendant responded with a defense of mandatory arbitration. Two months later, defendant moved for summary judgment on the basis that plaintiff's claim under the ADEA is subject to mandatory arbitration pursuant to the FAA. Defendant's actions do not demonstrate an intent to waive arbitration. Further, nothing shows that permitting arbitration at this stage of the proceedings would prejudice plaintiff. No extensive discovery has taken place. Id. This simply is not a case of waiver of the right of arbitration.
The Court finds there is no genuine issue as to material fact and defendant is entitled to judgment as a matter of law.
Accordingly,
The Court will grant defendant's motion for summary judgment. The matter shall be submitted to arbitration.